IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1398-BO-KS

| | | |
|---|---|---|
| TIMOTHY WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMIE FETTIG, individually and in his | ) | |
| official capacity as Founder & President of | ) | |
| VELOCE PLANES, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for improper venue or, in the alternative, to transfer venue. Plaintiff has responded, defendant has replied, and in this posture the motion is ripe for disposition. For the reasons that follow, defendant's motion is denied.

BACKGROUND

Plaintiff instituted this action by filing a complaint in this Court on August 7, 2025. [DE 1]. In his complaint, plaintiff alleges that the Court has diversity jurisdiction over this action and he brings claims for breach of contract, fraud in the inducement, fraudulent misrepresentation, and unjust enrichment. Plaintiff's claims arise from his contract to purchase a kit airplane, specifically a Veloce 400 aircraft, constructed by defendant. Plaintiff resides in Tucson, Arizona and defendant is the founder and president of Veloce Planes, a North Dakota limited liability company with its principal place of business in Whiteville, North Carolina. Plaintiff alleges that he has fulfilled his obligations under the sales contract by making timely payments to defendant, but that defendant

has breached the contract by, among other things, using plaintiff's payments to work on an aircraft for a different customer and by failing to complete plaintiff's aircraft.

Defendant appeared through counsel and filed the instant motion to dismiss or to transfer. Defendant contends that venue in this district is improper pursuant to the forum selection clause included in the sales contract. Defendant contends that dismissal pursuant to Fed. R. Civ. P. 12(b)(3) or transfer to the United States District Court for the District of North Dakota pursuant to 28 U.S.C. § 1406 is required.

## DISCUSSION

Federal courts are empowered under Fed. R. Civ. P. 12(b)(3) to dismiss or transfer a case if venue is improper in the plaintiff's chosen forum. *Feinberg v. Cintron*, No. GLR-24-1957, 2024 WL 5059202, at *1 (D. Md. Aug. 15, 2024). Venue is proper in a civil action in either "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1)–(2). Additionally, venue may be proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" if there is no district where venue is otherwise proper. *Id.* at § 1391(c). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Prior to the Supreme Court's decision in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013), the Fourth Circuit treated motions to dismiss based on forum selection clauses as Rule 12(b)(3) motions to dismiss for improper venue. *See BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884

2

F.3d 463, 470 n.4 (4th Cir. 2018). "But in *Atlantic Marine*, the Supreme Court clarified that a party may not seek to enforce a forum selection clause by moving to dismiss for improper venue[.]" *Id.* The Supreme Court expressly held that "§ 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide [the] appropriate enforcement mechanisms." *Atl. Marine*, 571 U.S. at 61.

Accordingly, as plaintiff has argued, defendant's motion is procedurally improper and can be denied on that basis alone. In reply, defendant argues that the Court should enforce the forum selection clause and dismiss or transfer this action to the United States District Court for the District of North Dakota under 28 U.S.C. § 1404(a). While a party generally may not raise an argument for the first time in its reply brief, *see, e.g., Miles v. City of Henderson*, No. 5:21-CV-388-FL, 2022 WL 2374372, at *5 (E.D.N.C. June 30, 2022), because the Court concludes that the forum selection clause is not clear and unambiguous, it denies defendant's alternative § 1404(a) argument.

Under 28 U.S.C. § 1404(a), a court may transfer a civil action to a district or division where it could have been brought, or to which all parties have consented, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62. Here, plaintiff challenges the validity of the forum selection clause in the sales contract, arguing that it lacks clarity and is ambiguous. The sales contract between the parties provides that "The parties elect the judicial North Dakota as the competent forum to settle any issues arising from this contract, waiving any other, however privileged it may be." [DE 17-1] at 5.

3

Forum selection clauses may be expressed in terms of geography or in terms of sovereignty. *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010). "[F]orum selection clauses that use the term 'in a state' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of a state' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state." *Id.* Here, the forum selection clause identifies the state of North Dakota, but it fails to include either "in" or "of" – in other words, it is impossible to discern from the plain language of the contract whether the parties intended to require disputes to be decided in any court in North Dakota or only in the state courts of North Dakota. *See also Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 676 (4th Cir. 2018). Ambiguity exists where the meaning of the words is uncertain or subject to several, reasonable interpretations. *See Carrelo v. Keystone RV Co.*, No. 3:23CV661, 2024 WL 3732463, at *9 (E.D. Va. Aug. 6, 2024). As written, the forum selection clause is ambiguous, and thus not valid and enforceable as a mandatory forum selection clause. *See id.* at *9-*10. Accordingly, defendant's argument for transfer under § 1404(a) is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or, in the alternative, to transfer venue [DE 16] is DENIED.

SO ORDERED, this 25 day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4